IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DANA M. VANYA, | § | |
|     *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-00085 |
| | § | |
| CITY OF CORRIGAN, TEXAS, | § | |
|     *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

    COMES NOW, DANA M. VANYA, plaintiff, and respectfully alleges as follows:

### INTRODUCTION

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination on the basis of sex brought within the Civil Rights Act of 1964, 42 U.S.C. section 2000 *et seq.* (as amended 1972)("Title VII").

2. Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to § 706(g) of Title VII, 42 U.S.C. § 2000e-5(g) and the tort laws of the State of Texas.

### JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 1331 and 1343(a) (3) and (4).

### VENUE

4. Venue is proper because the actions giving rise to the dispute occurred in this judicial district.

### PARTIES

5. Dana M. Vanya, plaintiff herein, is an employee of Defendant at its offices in Corrigan, Texas. She is a resident of Texas.

6.	Defendant is an incorporated city pursuant to the laws of the State of Texas and is subject to the jurisdiction of this court. Defendant is an employer defined in 29 U.S.C. § 203(d) and within the meaning of Title VII, 42 U.S.C. § 2000e(b). Defendant may be served with citation by serving its Mayor, Grimes Fortune, at 203 North Collins Street, Corrigan, Texas, 75939.

## NATURE OF CLAIM

7.	This claim seeks restitution to plaintiff of all rights, privileges, benefits, and income that plaintiff would have had but for defendant's unlawful discriminatory practices.

8.	This action further seeks compensatory damages for the harm done to plaintiff.

## ADMINISTRATIVE PROCEEDINGS

9.	Within 180 days of some of the occurrences of which she complains, plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission (hereafter EEOC).

10.	On or about January 30, 2013, plaintiff requested and received a "Notice of a Right to Sue."

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.	Plaintiff was hired as a Police Officer for the City of Corrigan, Texas in August, 2005.

12.	Prior to plaintiff's filing her EEOC charge, plaintiff had been subjected to sexual harassment by her immediate supervisor, Ray Stubbs, in the form of statements laden with innuendo.

13.	Despite the fact that she is highly qualified for the position of sergeant, defendant failed to consider or select her for promotion to the position.

14.	Plaintiff was denied days off while officers of the opposite sex were allowed days off without giving a two-week advance notice as required by defendant.

15.	On July 16, 2012, defendant unjustly gave plaintiff two disciplinary notices and placed her on probation.

16.	Plaintiff, on several occasions, informed City Counsel of the biased treatment she was receiving, with no action taken by City Counsel to remedy her situation.

## FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 11 through 16 of this Complaint with the same force and effect as if set forth herein.

18. Defendant has discriminated against plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII.

19. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 11 through 16 of this Complaint with the same force and effect as if set forth herein.

21. Defendant has subjected plaintiff to a sexually hostile working environment in violation of Title VII.

22. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's conduct unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 11 through 16 of this Complaint with the same force and effect as if set forth herein.

24. Defendant retaliated against plaintiff and has denied her opportunities for advancement on the basis of her having complained of discrimination, in violation of Title VII.

25. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's retaliatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 11 through 16 of this Complaint with the same force and effect as if set forth herein.

27. Defendant is liable for Plaintiff's extreme emotional distress. The acts and/or omissions of Defendant is in fact an intentional infliction of emotional distress under the tort laws of the State of Texas, for which Plaintiff sues.

28. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer monetary damages and damages for emotional distress unless and until this Court grants relief.

## PRAYER

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of Title VII;

(b) Enjoining and permanently restraining these violations of Title VII;

(c) Directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d) Directing defendant to place plaintiff in the position she would have occupied but for defendant's discriminatory and retaliatory treatment of her, and make her whole for all the earnings she would have received but for defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e) Awarding plaintiff compensatory and punitive damages;

(f) Awarding plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

(g) Directing defendant to pay plaintiff compensatory damages and damages for her mental anguish and humiliation; and

(h) Granting such other and further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

.
        Respectfully submitted,

        Charles R. Dendy
        Attorney at Law
        109 North Second
        Lufkin, Texas 75901
        Tel:   (936) 639-2388
        cdendy-attorney@consolidated.net

        By:/s/Charles R. Dendy_____
           Charles R. Dendy
           State Bar No. 05737700
           Attorney for Plaintiff