IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| DANA VANYA, | § |
| *Plaintiff*, | § § § |
| v. | § Civil Action No. 9:13-cv-85 § § |
| CITY OF CORRIGAN, | § § |
| *Defendant*. | § § § § |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On April 29, 2013, Plaintiff Dana M. Vanya filed suit against Defendant, the City of Corrigan, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* alleging claims of employment discrimination based on sex, hostile work environment and retaliation. The Court referred the case to United States Magistrate Judge Keith F. Giblin pursuant to 28 U.S.C. § 636.

Judge Giblin entered a Report and Recommendation on May 23, 2014, recommending that the defendant's motion for summary judgment be granted. Doc. # 34. The plaintiff filed objections. Doc. # 38.

Pursuant to Federal Rule of Civil Procedure 72 , 28 U.S.C. § 636(b), and the Local Rules for the Eastern District of Texas, the court has conducted a *de novo* review of the magistrate judge's report and recommendation, Plaintiff's objections, and the record as a whole, and concludes that Plaintiff's objections are without merit.

Plaintiff's objections aver that the magistrate judge did not properly consider her evidence

in determining that summary judgment should be granted. She argues that her evidence on the failure to promote issue, the retaliation claim, and the level of pervasiveness as related to the hostile work environment is sufficient to create an issue for a jury to consider. The record supports the magistrate judge's conclusion that the evidence does not raise a material issue of fact.

The plaintiff's evidence - viewed in the most favorable light - does not offer anything regarding her qualifications for the position she claims she was denied on the basis of her sex other than her contention that she was more experienced than the officer who was put in the position. The plaintiff failed to put forth evidence overcoming the evidence submitted by the defendant in support of its decision on the promotion. Plaintiff provides nothing other than her own statements in support of her position. Even viewing her testimony in the most favorable light, the plaintiff still fails to establish that the officer who received the corporal position was similarly situated. This necessary to support a prima facie discrimination claim for discrimination.

As for the hostile work environment claim, Vanya's own testimony shows that she has no recollection of how often the alleged sexual harassment occurred. She can only state that the alleged conduct happened more than once. Even taken as true, this testimony does not establish the necessary level of severity and pervasiveness to support a hostile work environment claim.

The plaintiff also contends that the magistrate judge erroneously found that her testimony was insufficient to create a fact issue on the retaliation claim. However, the arguments she submits in her objections do not change the fact that the evidence in the summary judgment record clearly establishes legitimate, non-discriminatory reasons supporting the defendant's decision to discipline Vanya for various incidentsn in which she exhibited unprofessional conduct in the course of her duties. The magistrate judge's report addresses these issues in full, and the plaintiff's

objections offer no evidence or argument providing a basis to overturn the magistrate judge's findings on the retaliation claim.

For these reasons, this court therefore agrees with the magistrate judge and overrules Plaintiff's objections.

IT IS THEREFORE ORDERED that Plaintiff Dana Vanya's objections [Doc. #38 ] are overruled. The magistrate judge's Report and Recommendation [Doc. # 34] is ADOPTED. Defendant, the City of Corrigan's Motion for Summary Judgment [Doc. #21 ] is GRANTED. Final Judgment will be entered by separate order.

So **ORDERED** and **SIGNED** this **9** day of **June, 2014.**

_____
Ron Clark, United States District Judge